ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JINA CHOI (CABN 326935)
Assistant United States Attorney

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-6961
     Fax: (415) 436-7234
     Email: jina.choi@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>BRIAN MIGUEL CASTRO-MARTINEZ,<br><br>    Defendant. | CASE NO. 24-00284 VC<br><br>**UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR JOINT CHANGE OF PLEA AND SENTENCING**<br><br>Date:    June 5, 2024<br>Time:    1:00 p.m.<br>Court:  Hon. Vince Chhabria |

### I.     OVERVIEW

The United States and the defendant, Brian Miguel Castro-Martinez, jointly request that the Court accept the proposed plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). This case is part of the United States Attorney's Office's efforts to disrupt the fentanyl and methamphetamine open-air drug market that exists in San Francisco's Tenderloin District (the Tenderloin) through a combination of enforcement and dispositions that prevent drug traffickers from returning to the Tenderloin. These efforts will occasionally take the form, as here, of prosecution of street-level dealing where the defendant has limited criminal history, leading the United States to seek expedited

GOV. SENTENCING MEMO FOR BRIAN MIGUEL CASTRO-MARTINEZ
24-CR-00284-VC

prosecution, obtain a federal conviction, and enforce a strict three-year stay-away order that immediately excludes convicted drug traffickers from returning to the Tenderloin and thus dissuades them from engaging in further drug trafficking.  For the reasons set forth below, the United States and the defendant believe that a below-Guidelines sentence—accounting for the time served plus one day in this expedited prosecution—alongside this geographical restriction meet the statutory requirements of Section 3553(a).

## II.      MOTION FOR JOINT CHANGE OF PLEA AND SENTENCING

To advance the goal of this accelerated disposition, the parties jointly move the Court to proceed to sentencing without a presentence investigation report during the same hearing as the defendant's change of plea, or as shortly thereafter as is practicable.  This will achieve the expedited proceeding contemplated by both parties.  The Court may sentence without a presentence investigation report if it "finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553" and "explains its finding on the record."  Fed. R. Crim. Proc. 32(c)(1)(A)(ii); *see also* Fed. R. Crim. P. 32(b)(1), U.S.S.G. §6A1.1, Crim. Local Rule 32-1(b).  The government respectfully submits that the record here—the Criminal Complaint, the Plea Agreement, and the parties' sentencing memoranda, all detailing the defendant's offense conduct and other factors relevant under § 3553—enable the Court to meaningfully exercise its sentencing authority under § 3553 and proceed to sentencing without the need for a presentence investigation report.  The parties request that the Court explain its findings and the sufficiency of the record at time of sentence.

## III.     APPLICABLE GUIDELINES RANGE AND CRIMINAL HISTORY CATEGORY

The government calculates the following Guidelines range:

a.      Base Offense Level, U.S.S.G. §2D1.1(a)(5), (c)(8):                                24
Defendant possessed between 100 and 400 KG of Converted Drug Weight

b.      Acceptance of Responsibility, U.S.S.G. §3E1.1:                                  -3

c.      Zero-Point Offender Adjustment: U.S.S.G. §4C1.1:                             -2

d.      Adjusted Offense Level:                                                                           19

The government calculates a Criminal History Category of I (0 points).[1]

_____

[1] The government has reviewed and produced in discovery the criminal history report for the

2

An Adjusted Offense Level of 19 and a Criminal History Category of I result in a Guidelines range of 30 to 37 months.

The government also seeks a three-year term of supervised release (as required by statute) and imposition of the $100 mandatory special assessment.

### IV.    SENTENCING RECOMMENDATION

Consistent with the Plea Agreement in this case, the parties jointly request a sentence of time served plus one day and a three-year term of supervised release that includes a special condition that the defendant may not re-enter the Tenderloin during the period of supervised release.  This stay-away condition is a critical component of the plea bargain because it prevents the defendant from returning to the Tenderloin, from where the defendant's conviction for drug trafficking arises.

### A.    Section 3553 Factors

1. ***Nature and circumstances of the offense and history and characteristics of the defendant***

The defendant is a 26-year old male who was born in Honduras.  According to the Department of Homeland Security, the defendant lacks immigration status and/or is removable under U.S. immigration law.  There is an immigration detainer in place such that the parties expect the defendant will be transferred to the custody of the Department of Homeland Security for removal proceedings following his release from the custody of the U.S. Marshals.  To the government's knowledge, the defendant has no prior criminal convictions, placing him in Criminal History Category I.

At around 11:40 p.m. on April 30, 2024, Tenderloin police officers were working in a SFPD uniformed capacity and observed defendant, a known subject identified as Brian Castro-Martinez, on the 400 block of Eddy Street (between Hyde and Leavenworth Streets) in violation of a stay away order which prohibited Castro-Martinez from being within 150 yards of Eddy and Leavenworth Street.  This is a known drug area in San Francisco where a wide variety of controlled substances are bought, sold and consumed. Law enforcement officers conducted a computer check and verified the stay away order (SF Court #23020864) which stemmed from an arrest on December 20, 2023 of Castro-Martinez for a case

defendant available through the National Crime Information Center, a criminal records database.  That report reflects that the defendant does not have any prior criminal convictions.

GOV. SENTENCING MEMO FOR BRIAN MIGUEL CASTRO-MARTINEZ
24-CR-00284-VC

of drug possession for sales of cocaine, cocaine base and heroin, in the area of Eddy and Leavenworth Streets.

At approximately 11:40 p.m. on April 30, 2024, SFPD Officers located defendant in front of 425 Eddy Street (between Hyde and Leavenworth Streets) while he was walking a scooter.  Officers confirmed defendant's identity and arrested him.  Officers conducted an arrest search of defendant and found him to be carrying several plastic baggies of illicit narcotics, a cell phone and U.S. currency.  The drugs were packaged in bulk and for individual sales.  Defendant did not have any ingesting paraphernalia on his person.

The defendant possessed 27.1 gross grams of cocaine base (crack); 38.5 gross grams of methamphetamine; and 13.9 gross grams of cocaine HCL (salt) and $1,850 in U.S. currency and a cell phone.  The suspected drugs seized from the defendant later tested presumptively positive for methamphetamine, cocaine base (crack) and cocaine HCL (salt) utilizing a TruNarc testing device, and in the Plea Agreement the defendant has admitted that the substances he possessed were methamphetamine, cocaine base, and cocaine salt.

After his arrest, the defendant agreed to remain in custody during the pendency of this case.  He was arraigned on an information alleging possession with intent to distribute methamphetamine.  In the Plea Agreement, the defendant acknowledges that he knew the substances in his possession were methamphetamine, cocaine base, and cocaine HCL, and that he possessed the substances intending to distribute them to other individuals.  He admits to possessing methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and acknowledges that a conviction in this case "makes it practically inevitable and a virtual certainty that [he] will be removed or deported from the United States, denied United States citizenship, and denied admission to the United States in the future."  Plea Agreement, ¶ 1.

<u>Details of defendant's criminal history</u>

According to a criminal records check with the National Crime Information Center (NCIC), California Information Index (CII), California Department of Motor Vehicles (DMV) and the San Francisco Police Department (SFPD), in addition to Defendant's arrest in this present action on April 30, 2024, defendant has been arrested by SFPD on three other occasions, all for drug offenses in the

GOV. SENTENCING MEMO FOR BRIAN MIGUEL CASTRO-MARTINEZ
24-CR-00284-VC

Tenderloin:

- On January 15, 2021, defendant was arrested and charged with possession for sale of cocaine base; possession for sale or purchase of a controlled substance (cocaine salt Schedule II); and possession for sale or purchase of heroin.
  - On July 8, 2022, arrest relief was granted and the court record was sealed.
- On October 26, 2021, defendant was arrested and charged with sale and offer to sell cocaine salt; possession for sale of cocaine base; unlawful possession for sale or purchase of a controlled substance (cocaine salt, Schedule II); unlawful possession for sale or purchase of heroin; possession of or sale of a controlled substance (methamphetamine); possession for sale of a designated controlled substance (alprazolam).
  - On July 8, 2022, arrest relief was granted and the court record was sealed.
- On December 20, 2023, defendant was arrested and charged with possession for sale of cocaine base; possession for sale or purchase of a controlled substance (cocaine salt, Schedule II); and possession for sale or purchase of a controlled substance (heroin).
  - The San Francisco District Attorney's Office reports this case is active with an upcoming court date on June 14, 2024.
- Defendant is the subject of two active stay-away orders:
  - Of at least 150 yards from Turk Street and Hyde Street in San Francisco, California, with an expiration date of November 1, 2024.
  - Of at least 150 yards from Eddy Street and Leavenworth Street in San Francisco, California, with an expiration date of December 27, 2024.

Details of defendant's immigration history

There is no evidence or record that defendant has been deported in the past or that he has illegally reentered to sell drugs. The U.S. Immigration and Customs Enforcement Agency (ICE) has run thorough checks of immigration records and there is no record of legal entry, no prior contact with ICE, no record of deportation and no record of petition for asylum.  U.S. Citizenship and Immigration Services shows no applications or petitions filed on behalf of defendant.  ICE and U.S. Customs and

GOV. SENTENCING MEMO FOR BRIAN MIGUEL CASTRO-MARTINEZ
24-CR-00284-VC

Border Patrol show no evidence of defendant in their databases based on his identifiers or biometric information.

> **2.  *Need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant***

The Tenderloin, defined in the Plea Agreement to include the historic Tenderloin District and much of the South of Market neighborhood, is in crisis.  As the Court is well aware, the proliferation of highly addictive, potent, and inexpensive synthetic controlled substances like fentanyl and methamphetamine has exacted a crushing human toll in the Tenderloin.  The Tenderloin open-air drug market not only creates suffering for its participants (including staggering amounts of overdoses and fatalities) but also dire externalities for the people and families that live and work in the Tenderloin, as well as for San Francisco itself.  The effects of the defendant's offense, considered as an individual act, are destructive; the effects of the offense, considered in the aggregate, are catastrophic.

Unsurprisingly, given the relevant conduct and amount of controlled substances the defendant possessed, the adjusted Guidelines range for the defendant's conduct is 30 to 37 months.  The defendant has no criminal history.  The proposed sentence—of time served plus one day and a three-year term of supervised release with a highly-restrictive geographic restriction—is a downward variance from the Guidelines range but one that the government submits is appropriate given the defendant's conduct and criminal history, the unique problem the Tenderloin faces, and the need for deterrence and protection of the public.

In order for the defendant to receive this plea offer, the defendant waived detention and has been in continuous custody since arrest; the government offered the defendant a time-served sentence in exchange for the defendant's agreement to promptly plead guilty and proceed to sentencing (including waiving indictment) within weeks of arrest; the defendant also agreed to be subject to a three-year term of supervised release that includes a strict stay-away condition from the Tenderloin.  The defendant is on notice that a return to the Tenderloin (in violation of the defendant's supervised release terms) will invite new charges or supervised release violations.

This disposition results in a drug trafficking conviction within weeks of arrest (not months or

GOV. SENTENCING MEMO FOR BRIAN MIGUEL CASTRO-MARTINEZ
24-CR-00284-VC

years), immediate separation of the defendant from the Tenderloin, and prevention of the defendant from returning to the Tenderloin. The speed at which this case moved will free up other government resources to prosecute additional federal crimes, including in the Tenderloin.

**B.** **The necessity of the proposed supervised release special conditions**

A three-year term of supervised release is required by statute for the drug-trafficking offense to which the defendant has agreed to plead guilty, 21 U.S.C. § 841(b)(1)(C), and it is essential to this disposition. In particular, the special stay-away condition of release allows the government to accomplish one of its primary goals related to protection of the public: to immediately separate drug traffickers from the Tenderloin (given the defendant has remained in custody from the time of arrest) and to effect a strict stay-away from the Tenderloin for three years. Under the terms of supervised release as contemplated herein, not only will the defendant be prohibited from engaging in any further unlawful conduct, but the defendant will be prohibited from entering the Tenderloin without prior approval by U.S. Probation:

> Unless authorized by U.S. Probation, the defendant shall neither enter nor be present in the area in San Francisco bordered on the west by Van Ness Avenue, on the north by Geary Street, on the east by Powell Street and 3rd Street, and on the south by Howard Street.

Combined with a suspicionless search condition, to which the parties have also agreed, Section 3553(a)'s goals of protection of the public and meaningful deterrence will be significantly advanced by the terms of this agreement, and this prosecution's impact on illicit drug trafficking in the Tenderloin will be both immediate and sustained. The stay-away condition is also necessary given the particular circumstances of Tenderloin drug trafficking, where the Court has repeatedly encountered recidivism from previously sentenced defendants, including those who have been removed from the country but who nonetheless returned to sell controlled substances in the Tenderloin. *See, e.g.*, *United States v. Luis Almicar Erazo-Centeno*, 3:23-cr-00002-CRB; *United States v. Gamez-Arguilio*, 3:17-CR-00553-CRB.

On the facts of this particular case, under the § 3553(a) factors and given the provisions of the Plea Agreement, the government respectfully submits that the contemplated disposition here is sufficient but not greater than necessary to accomplish the goals of § 3553(a).

GOV. SENTENCING MEMO FOR BRIAN MIGUEL CASTRO-MARTINEZ
24-CR-00284-VC

## V.   CONCLUSION

For these reasons, the government recommends that the Court sentence the defendant to a sentence of time served plus one day, to be followed by a term of supervised release of three years and the special conditions agreed to by the parties in the Plea Agreement, including the stay-away condition, and order forfeiture of the cash and cell phone.

DATED: May 30, 2024                                      Respectfully Submitted,

                                                        ISMAIL J. RAMSEY
                                                        United States Attorney


                                                         _/s/ Jina Choi_____
                                                        JINA CHOI
                                                        Assistant United States Attorney

GOV. SENTENCING MEMO FOR BRIAN MIGUEL CASTRO-MARTINEZ
24-CR-00284-VC